Good morning, Your Honors. James Andre Bowles. I represent Mr. Chapulin. Chapulin. I knew that I wasn't getting it quite right. I get it wrong every other week, Your Honor. Okay. Go ahead. And the other seven plaintiffs in this case who are all correctional officers that at the time were working at High Desert State Prison, which is a Las Vegas institution where they house mostly, well, they're at least mid-level to high-level offenders. And I'd like to open this way, Your Honors. If you look at page 87 in our excerpt of record, what it says in that particular excerpt is that that's the order by Judge Pro. And in that order, he dismisses the case against all defendants. Now, if you look at page 2 in the excerpt, the only they describe the nature of their action as a motion for summary judgment for only the defendants Crawford, Wharton, and McBurney. So without deciding the case on the merits at all, Judge Pro dismissed all defendants. That means that Mr. Shomig and Mr. Conmay got the benefit of a procedural dismissal without any consideration unless it's not in the record or stated that he considered the case on the merits. Can you answer? I don't want to interrupt your flow, but just a procedural argument. The order was entered or signed on November 1st. Correct. And no opposition had been filed at that time. Am I right in reading the record that the opposition was not yet due? Or was it out of time? What exactly was the status at that point? Well, Your Honor, what happened was it was first sent out on the 5th to the wrong address. It was again sent out on the 14th. I don't know what the it is, and I don't know what the 5th is. Oh, excuse me. October 5th was the day they first mailed it to my old address. It's a straightforward question, and I would think your answer would be yes. Judge Pro granted the motion for summary judgment on the day that the response was due. Correct, Your Honor. Correct. Not overdue. Due. That's correct. That's the day it was due. Okay. Closed the business. Don't let any wind up. That's a fact. That's it. So. And he cites your failure to file a response as the reason or as part of the in. Well, even within the time it was due, you didn't file a response because you didn't receive the it was sent to the wrong address. But that address was your former address, which you never informed the court had been changed. So it's really not the court's fault that it was sent to the wrong. It's not you can't blame anyone but yourself that it was sent to the wrong address. Well, Your Honor, that is I don't believe that's a case. I believe they were on notice. They say they didn't know that the address had been changed. But we had, in fact, at the very least, had a forwarding order with the post office. The post office apparently, not apparently, they sent it back to the mailer in this case. So and I don't blame I'm not putting blame on the court, obviously, Your Honor. Our position is that it was due on the first based on the day that it was mailed. But let's let let me say that, and I don't, Your Honor, but let me say that if we were totally wrong, absolutely wrong in this case, there still is the issue of excusable neglect. Well, before you get to before you get to excuses, let me ask this. I have something more basic. This was a motion for partial summary judgment. And the court threw out the whole case. Is that correct? That's correct, Your Honor. So why did you get into a dialogue at all with the court concerning Rule 59E or 60B or anything else? Why didn't you bring that to the court's attention that we don't even have to get to anything like 59E or 60B? The whole thing is wrong before we're not summary judgment shouldn't have been granted in the first place. You know, Your Honor, I have to agree with you 100 percent. This morning while I'm looking back and considering all the possible questions, I asked myself exactly the same question. My answer is that in my experience with the courts, mostly in northern Nevada, is this would have been pretty much automatic and probably most of the time consented to by the other side. Well, you didn't bring it up to the court, so the question is, did you waive the fact that the whole shooting match shouldn't have been conducted in the first place because the motion should have been granted to begin with? You never brought that up to the court. I didn't waive that unless it could be waived by a decision as to how to proceed. But in this case, it's merely a matter of the most important thing at the time, I thought, was to make sure we kept all of the five defendants in the case. And to do that, it would be most important for the court to allow us to proceed against all five by filing our opposition to the motion. But I would argue to the court that it would at least take some sort of an affirmative action on our part, on my part, to waive such a valuable right for my clients to have a decision on the merits of the case. Is this some creature of Federal law that's unique to Nevada? I mean, the judge's question is appropriate. You didn't make an argument. His question is, did you by not making it, did you waive it? I don't believe so, Your Honor. I don't know of any authority. And your authority for that is? Well, that I filed a motion for the judge to reconsider. And his question is, did you point out to Judge Proulx that he had dismissed the entire action, granted judgment on the entire action when he was faced with a motion for partial summary judgment? And the answer is, no, you didn't. I did not, Your Honor. And my colleague's question is, by not doing that, do you waive the argument for our purposes here on appeal? No, Your Honor. Tell us why. Well, because we appealed the summary judgment as well as a motion for reconsideration. By so doing, we are now bringing to this Court the decision whether Judge Proulx has the authority to summarily dismiss claims or summarily grant a motion that was never brought. So it's so plainly obvious on its face, Your Honor, that we would argue that to not raise that below and merely ask for the Court to consider our full opposition and consider that issue. Because had we been granted our motion, we certainly would have raised that. In fact, we did raise it. But because we were not allowed to file our opposition and because the Court dismissed all defendants, the case no longer existed. But I would point out also, Your Honor. You've now lost me. The response that you did file on what, November the 10th? We filed a motion for reconsideration. Okay. Your motion that you did file on November the 10th, 9 days after November 1st, did it or did it not mention the fact that full summary judgment had been granted based on a motion for partial summary judgment? It did not, Your Honor. Because I thought you just argued that you argued that. What we did was we did in fact file an opposition, Your Honor, that's never been seen by Judge Pro. It was raised in that opposition. That was my point, Your Honor. I see. Okay. But let me make a few other points. That the actual date of the order was a date that the opposition was due based on their second mail-in. Secondly, they never noticed the court that it was. Well, it wasn't actually entered for another day. It was entered on the second, Your Honor. On the second. So had you filed a timely opposition by the end of the day on the first, which you didn't. Correct. It probably would have pretermitted the order. At least you have a claim. Look, I got my opposition in on time. The court's order entered the next day was obviously based on not taking into consideration something that was. You could make that argument. But by not filing anything on the first and then letting, you know, this enable the court to enter the order on the second, why haven't you waived that argument? I don't dispute that, Your Honor. But that's the essence of our motion was that the court allow us to argue the case on its merits, thoroughly consider the merits, and then rule on the only issue before it, and that was those three defendants. You made an excusable neglect motion? Pardon, Your Honor? You made an excusable neglect motion? I did, Your Honor. And the district court said no? They just, again, summarily denied the motion, Your Honor. And I think that the excusable neglect motion was valid. Is that because we have authority in this circuit, bank authority, that says we give great deference to district judges on excusable neglect motions? I would agree with that, Your Honor. Also, this Court has often said that its preference would be to decide all matters on the merits, Your Honor. And we have a very, very small, we were one day late, Your Honor. And the excusable neglect motion, if the Court probably is quite well aware, involved two trials I was involved in. And I'm a sole practitioner, and my little girl's grandfather died the week shortly before that. The funeral was shortly before that. And I never thought for one moment that we would not be allowed to argue the case on the merits for the eight plaintiffs in this case. You are out of time. Just one quick question. By what calculation do you claim that your motion, your response, was only two days late? Your Honor, they, the record indicates they sent that motion to the correct address on the 14th. Three days mailing under the rule, plus 15 days to respond. That means that the close of business or midnight on the 1st of November was when our opposition was due. The judge signed his order on the 1st of November. And your opposition was filed? Sometime after we filed our motion for reconsideration, asking for the Court to allow us to file it. I get nine days, not two. The motion for reconsideration had to be filed within 10 days, and we filed it on the ninth day, Your Honor. Thank you. But you never filed an opposition. Yes, we did, Your Honor. And when was that filed? It was January 20th. I mean, it was months later. It was, I think it was at least a month later, Your Honor, but at that point it would subject, be subject to a motion. I guess I still don't understand your answer to Judge Hawkins's question. How do you get two days late? What's two days late? Well, what we did file was the motion. What I meant, Your Honor, was the day that he dismissed that case was November  That was the day it was due. He signed it on November 1st, and on the second it was filed. All right, but it's not like then on the third you file your opposition and say, look, we're only two days late. That's correct, Your Honor. You didn't file anything. You didn't file anything on the third. You didn't file anything on the fourth. You didn't file anything on the fifth. I filed the motion to reconsider on the ninth, Your Honor, which was within the required 10 days. I think we get the picture. Thank you. Thank you, Your Honor. Morning. Jill Davis on behalf of the defendants. Ms. Davis, can I kick it off with the – give me a hand here. Help me. The essence of due process, whether it's under the 14th Amendment or the Fifth Amendment, would be notice and an opportunity to be heard, correct? Correct. Why do we have to get into excusable neglect or 59E or 60B or anything else when a motion for summary judgment was granted, which never should have been granted because it was granted beyond the terms of what was sought? So how can we sustain the order in the first place if there was never notice and an opportunity to be heard on dismissing the entire case? I mean, we did file it for only three out of the five defendants. But you got back an order dismissing the entire case. So how can we – why do we have to go any further and merely state that the order is a denial of due process? In effect, we don't even have to get into a procedural rule counting days or anything else. Why can't we just say the order was improvidently granted, period? I don't believe it was, because if you – Judge Proe, if he had just the merits, he would have realized that privity extended for all the plaintiffs and all the defendants between the first and second complaints. That would be great if we had a reasoned decision that said that. Judge Proe is a very respected judge. And if he had entered an order saying, I know that I'm faced only with a motion for partial summary judgment, but I've examined the motion very carefully and the content of the complaint and everything that I have before me, and it seems that the theory of the motion for partial summary judgment extends to all defendants, side authority, full motion for summary judgment. Granted, we'd have a horse of a different color, wouldn't we? Yes, Your Honor, we would. I mean, Judge Proe was silent. I mean, his motion to dismiss was just based upon failure by Mr. Bolz to oppose. Any obligation on the part of the State or the folks it represented to point that out to him? I believe that it could have been addressed better in the – with Mr. Bolz's motion. I'm not asking about your opponent. I'm asking about you. Does a lawyer in a situation like that, where you've made a motion for partial summary judgment, as far as the district court knows, or kind of place it was not responded to, and you get back an order granting full summary judgment as to all defendants, including two defendants who requested no relief at all, is there any obligation on your part to point that out to the court? I believe there is an ethical violation. No, no, I'm not suggesting an ethical violation of any kind. Is there any general obligation on your part, just as if you – the judge cited authority that had been vacated or overruled by an embanked decision, the judge has done something on the face of it inappropriate, does the party benefiting from that have any duty to inform the court of its error? I believe that they should. I mean, if I had worked on the case in the beginning, I would have done actually a motion for clarification, because I would have been confused by the order as well. But that was not done. None of that was done. None of that was done, Your Honor. No. And speaking of that, when the motion was served, it went to an address and it came back, didn't it? Correct. And then in receipt of the correct address, it was sent to the correct address, and that did not come back? Correct. Was a certificate of service filed with respect to the second mailing? It was not filed until much later in this case. That was another error by the Attorney General's office. They should have filed that right away when they sent it. Okay. Incidentally, if a motion for summary judgment is made and it's unopposed, can a district court grant it just because it's unopposed? Yes, Your Honor. Well, doesn't a district court have to have some reason, decision, besides the fact that it's unopposed? Doesn't a district court have to say something as to why there is no genuine issue of material fact and dispute on how to grant the motion? Can the district court grant a motion merely because it's unopposed without doing a reasoned decision for granting the motion? It's done all the time. A lot of my cases are granted that way, especially when the plaintiff is an improper person. They go away. They can't find them. There's no reason for the judge normally to go further when the motion is unopposed. They just file the motion granting summary judgment based upon that. I don't believe it needs to go further in this case. Some districts have local rules that say if you don't respond to a motion, you're agreeing that it should be granted and that the court is empowered to grant it. Does Nevada have such a local rule? The local rule is 7-2 that allows Judge Proulx to grant motions, you know, unopposed. I've never had any issue with that before in the Nevada district courts. That's very common. I would like to point out that Mr. Bowles actually, when he filed this motion for Federal Civil Procedures 60B, I mean, he never made that motion to Judge Proulx. Judge Proulx, in his motion, he said, I moved. I didn't receive it. You know, I should have had, you know, I should be given another opportunity to file an opposition. But as the Court noted before, when he did file his opposition, it was three months later after service, which even under excusable neglect is just way out of time. It's not as if he, you know, when he realized Judge Proulx had, you know, filed this motion based on failure to oppose, he should have filed the motion for excusable neglect and attached with it all the reasons, as you said before, you know, that the summary judgment was granted in full, you know, against all five defendants when one was sought against three defendants. By the way, in your response to the motion for reconsideration, did the defendants point that out? No, Your Honor. And when was that filed? I'm not sure. Approximately. This has been the timeframe to answer Mr. Bowles's motion. I mean, I can look it up and find out. I assume it's in the record. It is in the record. I didn't file it. Gary Pulliam did. The motion for reconsideration itself was timely. Yes, it was timely. And the State's response was timely. Yes. When, if ever, did the defendants advise Judge Proh that he had granted full summary judgment in the face of a motion for partial summary judgment? I don't believe they ever did. The answer is never, isn't it? Correct. Yes. Okay. If we get past your waiver argument and we actually get to the merits of Judge Proh's order, do you defend it on the merits? I believe it can be defended on the merits, Your Honor. That's not the question I asked. Are you willing to stand there and defend it on the merits? Are you defending it on the merits? I can defend it on the merits. Judge Proh's order was silent, so I think I'm a little confused on your question. Are you asking me can it be defended upon the merits? Well, obviously he said it's unopposed. I'm granting it. That's not the merits. The merits would be the basis on the substantive basis on which he would have granted it. Right. It would have been based upon res judicata, and I believe it would extend to the plaintiffs in both cases, in the second case, based upon identity of claims, because it's all about the 2003 IG investigation that started in January, and the fact that they were all, all the parties were third-party beneficiaries to the settlement agreement, which is a contract. Because of the participation of the union in the first contract? Yes, that's part of it. Because the SNIA, the union. There are various ways of being a beneficiary of a judgment. You could be a class member. You could be a member of an organization that's a party to it, or you could just be somebody who's benefited collaterally by the war. They have no relationship with all the parties, but, nevertheless, you derive some benefits. Which category are the plaintiffs here in? They would be both under their SNIA members, and, additionally, they were all of the plaintiffs in the second amended complaint were actually named third-party beneficiaries in the settlement agreement, with the exception of Fajola, and his only claim in the second amended complaint is regarding the January 2003 IG investigation. Yeah, but the res judicata cases are very fact-intensive. Correct. And the district court, as you acknowledge, didn't go through any of those – that reasoning, did it? Correct, Your Honor. Yeah. Okay, thank you. Thank you. You are way out of time. Thank you, Your Honor. The cases are, you will be submitted. Next, we'll hear the Department of the Treasury versus Federal Labor Relations Authority. Thank you.
judges: Kozinski, Hawkins, Cowen